UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PHILLIPS, III,

    Petitioner,  Civil No. 2:14-CV-11318
  HONORABLE PAUL D. BORMAN
v.  UNITED STATES DISTRICT JUDGE

SHIRLEE HARRY,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Simon Phillips, III, ("Petitioner"), confined at the Pugsley Correctional Facility in Kingsley, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; first-degree home invasion, M.C.L.A. 750.110a(2); third-degree home invasion, M.C.L.A. 750.110a(4); domestic violence, third offense, M.C.L.A. 750.81(2) and (4); discharge of a firearm into a building, M.C.L.A. 750.234b; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Petitioner has also filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to raise additional claims that have not been exhausted with the state courts. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claims. The Court will also administratively close the case.

1

**I.  Background**

Petitioner was convicted by a jury of the above offenses in the Washtenaw County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Phillips,* Nos. 298034; 307770 (Mich.Ct.App. August 14, 2012); *lv. den.* 493 Mich. 921, 823 N.W.2d 563 (2012).

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on the claims that he raised in the Michigan courts on his direct appeal.

Petitioner has also filed a motion to hold the habeas petition in abeyance so that he can return to the Washtenaw County Circuit Court to present new claims in a post-conviction motion for relief from judgment.

**II.  Discussion**

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F.3d 491, 493 (5th Cir. 1998).  However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).  A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007)(A habeas court is entitled to delay a decision in a habeas petition that contains only

exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F.3d at 83). The United States Court of Appeals for the Sixth Circuit indeed has advised that it is preferable for a district court to hold further proceedings on a habeas petition in abeyance pending the exhaustion of additional claims, rather than dismissing the petition without prejudice. *See Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

  The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

  Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d

410, 419 (6th Cir. 2009). Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only the claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file under the same caption and case number an amended petition that includes

the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claim raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 9, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 9, 2014.

s/Deborah Tofil
Case Manager

5