UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PHILLIPS, III,

    Petitioner,                                       Civil No. 2:14-CV-11318
                                                         HONORABLE PAUL D. BORMAN
v.                                                    UNITED STATES DISTRICT JUDGE

SHIRLEE HARRY,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A SECOND ENLARGEMENT OF TIME TO FILE HIS POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT**

        Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he sought relief from his convictions for assault with intent to do great bodily harm less than murder, first-degree home invasion, third-degree home invasion, domestic violence, third offense, discharge of a firearm into a building, and possession of a firearm in the commission of a felony. This Court held the petition for writ of habeas corpus in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. *Phillips v. Harry*, No. 2:14-CV-11318, 2014 WL 1389325 (E.D. Mich. April 9, 2014). The Court conditioned this tolling upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies.

        On June 13, 2014, the Court granted petitioner a sixty day extension of time to file his post-conviction motion for relief from judgment.

        Petitioner has now filed a motion for a second enlargement of time to file his post-

1

conviction motion for relief from judgment with the state courts. For the reasons that follow, the Court will grant the motion and give petitioner a forty five day extension of time for petitioner to file his post-conviction motion for relief from judgment with the state court.

In his motion for an enlargement of time, petitioner claims that he is unable to file his post-conviction motion for relief from judgment within the time allotted by the Court because the Director of the Michigan Department of Corrections issued a memorandum on June 27, 2014 cutting the minimum amount of law library time for prisoners from six to four hours a week in one hour increments, due to the establishment of an Electronic Law Library or ELL. Petitioner claims that he is not yet proficient in the ELL system and needs additional time to learn to navigate the ELL system. Petitioner further claims that he gave his legal documents to another prisoner to review for him but that this prisoner was transferred to another prison and took the documents with him. Because of these difficulties, petitioner has requested a second extension of time to file his post-conviction motion.

The Court grants petitioner a forty five day extension of time to file his motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). Petitioner appears to have done all that he could reasonably do to file his state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from filing his motion with the state courts on time. Accordingly, an extension of time should be granted to petitioner. *See Schillereff v. Quarterman*, 304 F. App'x. 310, 314 (5th Cir. 2008).

**ORDER**

Accordingly, **IT IS ORDERED** that Petitioner's "Second Request for an Enlargement of Time in Accord with F.R.C.P. 6(b)" [Dkt. # 8] is **GRANTED.** Petitioner may file a motion for relief from judgment with the state court within **forty five (45) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will lift the stay and adjudicate the merits of the claims raised in petitioner's original habeas petition.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claims. The petitioner shall re-file his habeas petition with the federal court within 60 days after the conclusion of the state court post-conviction proceedings.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  July 28, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2014.

s/Deborah Tofil  
Case Manager