**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SIMON PHILLIPS, III,

      Petitioner,              Civil No. 2:14-CV-11318
                                  HONORABLE PAUL D. BORMAN
v.                              UNITED STATES DISTRICT JUDGE

MITCH PERRY,

      Respondent,
_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Simon Phillips, III, ("Petitioner"), confined at the Newberry Correctional Facility in Newberry, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. § 750.84; first-degree home invasion, M.C.L.A. § 750.110a(2); third-degree home invasion, M.C.L.A. § 750.110a(4); domestic violence, third offense, M.C.L.A. §§ 750.81(2) and (4); discharge of a firearm into a building, M.C.L.A. § 750.234b; and possession of a firearm in the commission of a felony, M.C.L.A. § 750.227b. For the reasons stated below, the application for a writ of habeas corpus is

DENIED WITH PREJUDICE.

## I.  BACKGROUND

Petitioner was convicted by a jury in the Washtenaw County Circuit Court.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The victim, Rose Hicks, dated Phillips for approximately four years.
> The two lived together during their relationship, but were not living
> together at the time of the incidents.  On November 14, 2008, Hicks was
> watching television in her bedroom when she heard her front door forced
> open.  Hicks testified that Phillips had "kicked down" her door, entered
> her home, began hitting her in the face, and then left.  On November 22,
> 2008, Hicks was in her apartment with her new boyfriend.  Hicks awoke
> to someone knocking on her front door.  When Hicks looked through the
> peephole, she saw Phillips.  According to Hicks, Phillips was bleeding
> and yelling "Rose, Rose. Help me."   Hicks then heard a gunshot.
> Hicks's new boyfriend then grabbed her by the hand and took her to the
> balcony to try and escape.  Before Hicks could exit, Phillips grabbed her
> from behind.  Phillips then pointed a gun at the right side of her neck and
> "clicked" it.  Hicks testified that she then turned around, fell on top of
> Phillips and grabbed the gun.  Phillips was bleeding profusely, and Hicks
> believed that he had lost consciousness. The police arrived shortly
> thereafter and Phillips was taken to the hospital for treatment of his
> injuries.

*People v. Phillips*, Nos. 298034, 307770, 2012 WL 3319969, p. 1 (Mich. Ct. App.

Aug. 14, 2012).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 493 Mich. 921, 823 N.W.2d 563 (2012).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance to permit petitioner to return to the state courts to exhaust additional claims. *Phillips v. Harry*, No. 2:14-CV-11318, 2014 WL 1389325 (E.D. Mich. Apr. 9, 2014).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Phillips,* Nos. 08-2139-FH, 08-2145-FC (Washtenaw Cty.Cir.Ct., Apr. 28, 2015). The Michigan appellate courts denied petitioner leave to appeal. *People v. Phillips,* No. 331488 (Mich.Ct.App. May 5, 2016); *reconsideration den.* No. 331488 (Mich.Ct.App. Jul. 21, 2016); *lv. den.* 500 Mich. 922, 888 N.W. 2d 72 (2016).

On March 2, 2017, the Court granted the motion to lift the stay, amended the case caption, and granted the motion to amend the petition. In his original and amended petitions, petitioner seeks relief on the following grounds:

> I. Petitioner is being unlawfully deprived of his liberty where he was denied his constitutional right to a fair trial whereas the trial court abused its discretion in granting the motion to consolidate the two cases.
>
> II. Petitioner is being unlawfully deprived of his liberty where he was denied his constitutional right to effective assistance of trial counsel, therefore a new trial is in order for trial counsel['s] ineffectiveness at trial.
>
> III. Defendant was incorrectly scored 25 points for offense variable 3 where no evidence was provided that Robert Kimble suffered life

threatening or permanent incapacitating injuries as required by MCL 777.33(1)(c), warranting a re-calculation of the guideline score on OV-3 to 10 points.

IV. Defendant was denied effective assistance of counsel by his appellate counsel in his one and only appeal of right in violation of Michigan Constitution 1963, Article 1, § 20; United States Constitution, Sixth Amendment where his appellate counsel did not raise the above [sentencing guidelines] issue. [1]

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

---

[1]  The Court has renumbered petitioner's first and second claims from his amended habeas petition as claims three and four for judicial clarity.

Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III. DISCUSSION

### A. Claim # 1. The misjoinder claim.

Petitioner argues that he was denied a fair trial when the judge consolidated into one trial charges that arose out of two separate dates and incidents. Petitioner was charged separately for a series of criminal offenses that occurred on two different days in November of 2008. The trial judge granted the prosecution's motion to consolidate the two separate charges into a single trial.

The Michigan Court of Appeals rejected petitioner's claim on his appeal of right:

> The joinder of multiple criminal charges is allowable under Michigan law in circumstances prescribed by MCR 6.120, which provides in relevant part as follows:
>
>> (A) Charging Joinder. The prosecuting attorney may file an information or indictment that charges a single defendant with any two or more offenses. Each offense must be stated in a separate count. Two or more informations or indictments against a single defendant may be consolidated for a single trial.
>>
>> (B) Postcharging Permissive Joinder or Severance. On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in subrule (C), the court may join offenses charged in two or more informations or indictments against a single defendant, or sever offenses charged in a single information or indictment against a single defendant, when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt

or innocence of each offense.

(1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on
(a) the same conduct or transaction, or

(b) a series of connected acts, or

(c) a series of acts constituting parts of a single scheme or plan.

(2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

Here, the charges against Phillips are not based on the "same conduct or transaction." Both charges, however, stem from Phillips's conduct toward Hicks. Both offenses occurred at Hicks's apartment, and in both incidents Phillips used force to gain access to Hicks's apartment and physically assault her. Though the offenses occurred eight days apart, for purposes of the court rule, the charges were related as "a series of connected acts" that constituted "parts of a single ... plan" to attack Hicks.

Further, there was little potential for confusion, as all charges involved the same victim, the same location, and many of the same witnesses. Moreover, "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant [.]" The prosecution filed a motion to admit other acts evidence in both cases, which the trial court granted. "[J]oinder of ... other crimes cannot prejudice the defendant more than he would have been by the admissibility of the other evidence in a

separate trial." As such, there was no error by the trial court.

*People v. Phillips*, 2012 WL 3319969, pp. 1–2 (internal footnotes omitted).

Improper joinder does not, by itself, violate the federal constitution. *United States v. Lane,* 474 U.S. 438, 446, n. 8 (1986). The Supreme Court in *Lane* suggested in passing that misjoinder could rise "to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.* The Sixth Circuit noted that this language in *Lane* concerning a court's failure to sever criminal charges is simply dicta and thus not clearly established federal law. See *Mayfield v. Morrow,* 528 F. App'x. 538, 541-42 (6th Cir. 2013). Because "'clearly established Federal law' for purposes of § 2254(d)(1) refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions[.],'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. at 412), the Sixth Circuit concluded that the habeas petitioner could not rely on *Lane* to obtain habeas relief on his claim that he had been deprived of his right to a fair trial when the judge denied his motion to sever different rape charges. *Id.* The Ninth Circuit has likewise held that a habeas petitioner could not rely on the Supreme Court's dicta in *Lane* to obtain habeas relief on an improper misjoinder claim, particularly where that dicta was merely mentioned as a comment in a footnote of the opinion. See *Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir.

2010). Another judge in this district indicated that he had "found no Supreme Court cases holding that a defendant in a criminal case has a constitutional right to a separate trial on each of the charges against him." *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 560-61 (E.D. Mich. 2009)(Rosen, J.).

Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by joining together unrelated criminal charges in a single trial, the Michigan Court of Appeals' rejection of petitioner's improper joinder claim was not an unreasonable application of clearly established federal law. See *Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006); *See also Comaduran v. Clark,* 452 F. App'x. 728, 728-29 (9th Cir. 2011).

Moreover, such claims are usually rejected by the Sixth Circuit on direct review of federal criminal convictions. The Sixth Circuit held that to establish prejudice from joinder, a defendant must point to specific evidence that the joinder was prejudicial and "an unproven assertion is not compelling evidence of actual prejudice." *U.S. v. Saadey*, 393 F.3d 669, 679 (6th Cir. 2005).

In the present case, it was not fundamentally unfair to join the different charges against petitioner in a single trial because "joinder was an efficient use of resources." *Rodriguez v. Jones*, 625 F. Supp. 2d at 561; *See also Conte v.*

*Cardwell*, 475 F.2d 698, 700 (6th Cir. 1973)(participation by state habeas corpus petitioner in successive prison riots in the same institution separated in time by less than two months were sufficient circumstances to permit joinder of offenses in an indictment and in a trial without violation of due process.).

Petitioner was also not prejudiced by the joinder of the charges, because the Michigan Court of Appeals indicated that much of the same evidence involving the two separate cases would have been admissible against petitioner pursuant to M.C.L.A. § 768.27b at separate trials. *People v. Phillips,* 2012 WL 3319969, p. 2, fn. 13. Because much of the same evidence would have been admitted against petitioner at separate trials, petitioner was not prejudiced by the joinder of the charges in this case. See *LaMar v. Houk,* 798 F.3d 405, 428 (6th Cir. 2015), *U.S. v. Jacobs,* 244 F. 3d 503, 507 (6th Cir. 2001). Petitioner is not entitled to habeas relief because he failed to identify which evidence that was admitted at his joint trial would have been inadmissible if he had been tried separately with respect to each set of charges. *LaMar*, 798 F.3d at 428. Petitioner is not entitled to relief on his first claim.

**B. Claim # 2. The ineffective assistance of trial counsel claim.**

Petitioner in his second claim argues that he was denied the effective assistance of trial counsel.

Respondent in his answer states that petitioner in his original petition simply stated that he raised an ineffective assistance of counsel claim on direct appeal to the Michigan Court of Appeals and included the claim in the table of contents of his petition, but did not raise the claim as a ground for habeas relief and did not included any argument on the issue. [2] The Court notes that petitioner is proceeding *pro se* and will give petitioner the benefit of the doubt that he wishes to raise this ineffective assistance of trial counsel claim in his habeas petition.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that

---

[2] See Answer p. 3, fn. 1 (ECF 13, Pg ID 47).

such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the

*Strickland* standard itself."*Harrington*, 562 U.S. at 101.  "Surmounting

*Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v.*

*Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner on his appeal of right alleged that trial counsel was ineffective for

failing to introduce into evidence medical records that would show that he was

unable to form the intent to commit the first-degree home invasion and assault

with intent to do great bodily harm charges that arose out of the second incident

on November 22, 2008.  In his brief on appeal, petitioner noted that after being

refused entry into the victim's apartment, he began climbing up the side of the

building, before falling four floors to the ground, where petitioner suffered several

injuries, including a head injury.  It was only after being injured that petitioner

went to the front of the apartment building and shot at the front of the building,

before requesting help.  The first police officer who arrived at the scene was

unable to determine whether petitioner was conscious.  Later at the hospital,

petitioner told the police, while under the influence of morphine, that he took the

gun for protection but became angry after he fell and wanted to hurt the victim and

her boyfriend.  Petitioner argued on appeal that trial counsel should have

introduced his medical records to show that petitioner's head injury prevented him

from being able to form the specific intent to form the offenses. [3] Petitioner, however, failed to attach the relevant medical records to his appellate brief nor did he move for an evidentiary hearing on his claim.

The Michigan Court of Appeals rejected petitioner's claim:

In docket number 307770, Phillips argues that he was denied the effective assistance of counsel because defense counsel did not admit Phillips's medical records into evidence. We disagree. Specifically, Phillips argues that his medical records were necessary for the jury to properly evaluate his mental state and determine whether he had the intent necessary to be convicted of assault with the intent to commit great bodily harm less than murder and first-degree home invasion. Phillips, however, failed to make an evidentiary record to support his claim. "Without record evidence supporting [Phillips's] claim, the Court of Appeals generally has no basis for considering it."

Further, the issue of intent was examined during proofs and challenged during defense counsel's closing argument. Therefore, contrary to Phillips's assertion, counsel did provide a substantial defense based on lack of intent. There is nothing in the record to indicate that the medical records would further substantiate his claim. Thus, Phillips's claim of ineffective assistance of counsel lacks merit.

*People v. Phillips*, 2012 WL 3319969, p. 2 (internal footnotes omitted).

A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F.3d 520, 527 (6th Cir. 2004)(internal quotation omitted). Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for

---

[3] See Appellant's Brief on Appeal, pp. 11-13 (ECF 14-12, Pg IDS 462-64).

habeas relief. *See, e.g., Washington v. Renico,* 455 F.3d 722, 733 (6th Cir.

2006)(bald assertions and conclusory allegations do not provide sufficient ground

to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v.

Bell*, 160 F.3d 276, 287 (6th Cir. 1998)(conclusory allegations of ineffective

assistance of appellate counsel do not warrant habeas relief).  Petitioner did not

submit his medical records from his 2008 hospitalization to the state courts as part

of his direct appeal, nor did he attach these medical records to his original or

amended petitions.  By failing to present any evidence to the state courts in

support of his ineffective assistance of trial counsel claim, petitioner is not entitled

to an evidentiary hearing on his ineffective assistance of counsel claim with this

Court. *See Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. §

2254(e)(2)(A)(ii)).  In the absence of any medical records that would indicate the

extent of petitioner's medical injuries at the time of his fall in 2008, this Court is

unable to determine whether the records would establish that petitioner's head

injury was so severe that he was unable to form the specific intent to commit the

crimes of assault with intent to do great bodily harm or first-degree home

invasion.

The Court recognizes that petitioner attached to his amended habeas

petition a copy of a medical report from the Munson Medical Center in Traverse

City, Michigan dated February 2, 2014. The report references an injury that petitioner received from another inmate while incarcerated at the Oaks Correctional Facility the evening before. Within the report, there is a reference to petitioner admitting to being treated for a traumatic brain injury in 2008 after falling forty feet off of a balcony. The report indicates that petitioner was admitted to the University of Michigan Hospital for one month and was on a ventilator. Petitioner was unable to state whether he underwent any surgical procedure related to the brain injury or any pressure monitoring. [4]

There are several problems with petitioner's evidence. First, petitioner never presented this medical report to the Michigan Court of Appeals on his appeal of right in support of his ineffective assistance of trial counsel claim. The United States Supreme Court has held that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Therefore, *Cullen* precludes the Court from considering this affidavit in reviewing petitioner's ineffective assistance of trial counsel claim under 28 U.S.C. §2254(d). *Cf. Campbell v. Bradshaw*, 674 F.3d 578, 590, n.3 (6th Cir. 2012)(declining to

_____

[4] See Copy of D.O.C. Health Form, part of Attachment A of Petitioner's Amended Habeas Petition. (ECF 11, Pg ID, 80).

consider testimony taken in federal evidentiary hearing because it was not part of the state court record).

Secondly, although the 2014 report references petitioner's 2008 injury, the 2014 report contains no actual diagnosis of the extent of petitioner's 2008 head injury nor is there any indication from the 2014 report that petitioner's 2008 head injury prevented him from being able to form the intent to commit the crimes. The 2014 report in no way supports petitioner's assertion that his head injury in 2008 prevented him from being able to form the intent to commit assault with intent to do great bodily harm and first-degree home invasion. Petitioner is not entitled to relief on his ineffective assistance of trial counsel claim because it is conclusory and unsupported.

### C. Claim # 3. The sentencing guidelines claim.

Petitioner claims that the trial court erred in scoring 25 points under Offense Variable 3 of the Michigan Sentencing Guidelines, because there was no evidence that the victim's boyfriend suffered life threatening or permanent injuries.

Petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252

F. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th

Cir. 2003); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Errors in the application of state sentencing guidelines cannot independently

support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016).

Petitioner's claim that the state trial court improperly departed above the correct

sentencing guidelines range would thus not entitle him to habeas relief, because

such a departure does not violate any of the petitioner's federal due process rights.

*Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).

Petitioner in his third claim appears to argue that the trial court judge

violated his Sixth Amendment right to a trial by jury by using factors that had not

been submitted to a jury and proven beyond a reasonable doubt or admitted to by

petitioner when scoring the Michigan Sentencing Guidelines.

Under Michigan law, only the minimum sentence must presumptively be set

within the appropriate sentencing guidelines range. *See People v. Babcock,* 469

Mich. 247, 255, n. 7, 666 N.W. 2d 231 (2003)(citing M.C.L.A. § 769.34(2)).  The

maximum sentence is not determined by the trial judge but is set by law. See

*People v. Claypool,* 470 Mich. 715, 730, n. 14, 684 N.W. 2d 278 (2004)(citing

M.C.L.A. § 769.8).

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157-58. The Supreme Court, however, indicated that its decision did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 2163.

At the time of petitioner's conviction and sentence, *Harris* was good law. In addition, *Alleyne* has not been made retroactive to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014). Moreover, *Alleyne* is

inapplicable to petitioner's case, because the Supreme Court's holding in "*Alleyne*

dealt with judge-found facts that raised the mandatory minimum sentence under a

statute, not judge-found facts that trigger an increased guidelines range," which is

what happened to petitioner in this case. *See United States v. Cooper*, 739 F.3d

873, 884 (6th Cir. 2014); *See also United States v. James*, 575 F. App'x. 588, 595

(6th Cir. 2014)(collecting cases and noting that at least four post-*Alleyne*

unanimous panels of the Sixth Circuit have "taken for granted that the rule of

*Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*,

573 F. App'x. 483, 485 (6th Cir. 2014)("But *Alleyne* held only that 'facts that

increase a mandatory statutory minimum [are] part of the substantive offense.'...It

said nothing about guidelines sentencing factors...."). The Sixth Circuit, in fact,

ruled that *Alleyne* did not decide the question whether judicial factfinding under

Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See*

*Kittka v. Franks*, 539 F. App'x. 668, 673 (6th Cir. 2013). Petitioner is not entitled

to relief on his third claim.

### D. Claim # 4. The ineffective assistance of appellate counsel claim.

In his fourth claim, petitioner contends that his appellate counsel was

ineffective for failing to raise his sentencing guidelines claim on his direct appeal.

Petitioner raised his sentencing guidelines scoring claim in his post-conviction

motion for relief from judgment, which was denied by the trial court. *People v. Phillips,* Nos. 08-2139-FH, 08-2145-FC, pp. 2-3 (Washtenaw Cty.Cir.Ct., Apr. 28, 2015). The Michigan appellate courts denied petitioner leave to appeal from the denial of his post-conviction motion.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel on an appeal as of right. *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." See *Hammond v. Hall,* 586 F. 3d 1289, 1340 (11th Cir. 2009).

In this case, the trial judge and the Michigan appellate courts rejected petitioner's sentencing guidelines claim. Petitioner is therefore unable to show that he was prejudiced by his appellate counsel's purported ineffectiveness in

failing to challenge the scoring of his sentencing guidelines. *See e.g. Coleman v. Curtin*, 425 F. App'x. 483, 485 (6th Cir. 2011). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts were inclined to reverse his sentence, petitioner is unable to show that he was prejudiced by appellate counsel's failure to challenge the scoring of his sentencing guidelines on the direct appeal. *See Spencer v. Booker*, 254 F. App'x. 520, 525-26 (6th Cir. 2007).

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: September 28, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2017.

s/Deborah Tofil
Case Manager